**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
Wheeling

**RAPHAE JAMAAL HUBBARD,**

        Plaintiff,

v.                                                                                **Civil Action No. 5:22-CV-183**
                                                                                  Judge Bailey

**TROOPER A.A. BEAN,** West Virginia State Trooper, **TROOPER L. EVANS,** West Virginia State Trooper, **LYDIA LEHMAN,** Assistant Prosecuting Attorney, and **WEST VIRGINIA DEPARTMENT OF STATE POLICE,**

        Defendants,

## REPORT AND RECOMMENDATION

On July 28, 2022, the plaintiff filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. BACKGROUND

In his Complaint, plaintiff raises several claims challenging an ongoing criminal case in Berkely County, West Virginia. Although plaintiff provides few details, he appears to be challenging an arrest for possession of a firearm. First, plaintiff alleges that he was fraudulently arrested using a false police report. [Doc. 1 at 7]. Second, he alleges racial discrimination and that he was denied equal protection because two white individuals in the same vehicle were not charged with possession of the firearm. [Id. at 8]. Third, he

1

alleges that evidence in the form of body camera footage is being withheld from him. [Id.]. Fourth, he alleges the prosecutor has knowingly fabricated testimony in order to secure a conviction. [Id.]. Finally, he claims that the prosecutor and one of the arresting officers have allowed this malicious prosecution to continue. [Id.]. For relief, plaintiff asks for the charges against him to be dismissed and for the Court to award him punitive damages of $1,000,000.00.

## II. STANDARD OF REVIEW

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See **Neitzke** at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992). This includes claims in which

---

[1] *Id.* at 327.

the plaintiff has little or no chance of success. See **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

### III. ANALYSIS

The plaintiff's claims are barred by the doctrine of federal abstention in state court matters, set forth in **Younger v. Harris**, 401 U.S. 37 (1971). In **Younger**, the Supreme Court stated "courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43–44. "The [**Younger**] Court further found that where a party sought to enjoin proceedings as a violation of their rights under the United States Constitution, such arguments could be asserted as a defense to the state charges and-accordingly-could be adequately addressed by the state court." **Westfall v. W. Virginia**, No. 2:09-CV-103, 2009 WL 3334914, at *2 (N.D. W.Va. Oct. 14, 2009) (Bailey, J.). Under the **Younger** abstention doctrine, a federal court is required to abstain from interfering in ongoing state court proceedings, even if the federal court has jurisdiction, where the following test if met: (1) "there are ongoing state judicial proceedings;" (2) "the proceedings implicate important state interests;" and (3) "there is an adequate opportunity to raise federal claims in the state proceedings." **Martin Marietta Corp. v. Maryland Comm'n on Human Relations**, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing **Middlesex County Ethics Comm. v. Garden State Bar Ass'n**, 457 U.S. 423, 432 (1982); see also **Virginia Inst. Of Autism v. Virginia Dep't of Educ.**, 537 F. Supp.2d 817, 820 (E.D. Va. 2008).

Here, all three conditions have been met. First, plaintiff's claims challenge ongoing state court criminal proceedings against him in Berkely County, which were instituted

before this action in federal court. Second, these criminal proceedings implicate an important state interest in the orderly prosecution of state citizens. Third, the Berkely County Circuit Court can adequately handle any constitutional claims the plaintiff might raise there.[2] Given that all three criteria exist here, abstention bars the granting of the plaintiff's requests for what amounts to injunctive relief in the form of directing a state court to dismiss criminal charges.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the case be **DISMISSED WITH PREJUDICE**. The undersigned further recommends that the Motion to Proceed *in forma pauperis* [**Doc. 2**] be **DENIED AS MOOT**, and the fee waived.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); ***Thomas***

---

[2] Under the well-established principles of federalism and comity, the ***Younger*** doctrine "also recognizes that state courts are fully competent to decide issues of federal constitutional law." ***Martin Mariettta Corp.***, 38 F.3d at 1396.

*v. Arn*, 474 U.S. 140 (1985); **Wright v. Collins**, 766 F.2d 841 (4th Cir. 1985); **United States v. Schronce**, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** August 4, 2022.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE